**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ERNEST ANDERSON AND MARIANNE ANDERSON, | § § § | |
| Plaintiffs, | § | |
| vs. | § | Civil Action No. |
| | § | |
| STATE FARM FIRE AND CASUALTY COMPANY, | § § § | |
| | § | |
| Defendant. | § | |

_____

**PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR JURY TRIAL**
_____

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Ernest Anderson and Marianne Anderson ("Plaintiffs"), through undersigned counsel, Long & Long, P.C., file this Original Complaint against Defendant State Farm Fire and Casualty Company ("Defendant") and, in support of the causes of action asserted herein, respectfully show the Court the following:

**PARTIES**

1.      Plaintiffs are individuals who reside and are domiciled in this judicial district. The property, located at 1588 Currie Dr., Sulphur, LA 70665 (the "Property"), was insured against damages by the Defendant, State Farm Fire and Casualty Company.

2.      Defendant was and is a private insurance company incorporated under the laws of the State of Illinois, doing business in Louisiana, with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710. It may be served with process through its agent for service, the  Louisiana Secretary of State, 8585 Archives Ave., Baton Rouge, LA 70809.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00.

4.      This Court has personal jurisdiction over Defendant because at all relevant times it has engaged in substantial business activity in the State of Louisiana. At all relevant times Defendant transacted, solicited, and conducted business in Louisiana through its employees, agents, and/or sales representatives, and derived substantial revenue from such business in Louisiana.

5.      Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because this suit concerns real and personal property located in this judicial district, and it is where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

6.      Plaintiffs purchased a Homeowner's Policy (hereinafter, "the Policy") from Defendant to insure their home and the contents therein against physical damage by or from wind and hurricane.  The Policy was in full force and effect at all relevant times and Plaintiffs paid all premiums when due.

7.      Between August 26th and 27th, 2020, Hurricane Laura made landfall as a Category 4 Hurricane, battering coastal and inland properties with punishing rains and high-speed winds of at least 150 mph.

8.      Hurricane Laura caused substantial damage to the Property. The high winds and debris impacted the roof, roof structure and exterior of the property, and caused several storm-created openings that allowed wind, rain, and debris to enter.

9. Once Plaintiffs discovered the Property damage, Plaintiffs made an immediate claim to Defendant.

10. Plaintiffs' notice of claim to Defendant was timely and properly satisfied all notice requirements under the Policy.

11. Defendant sent a third-party adjuster out to Plaintiffs' Property.

12. After a cursory inspection, the adjuster returned an estimate insufficient in scope and price to cover the full and adequate cost of covered repairs. Many individual items were omitted or underpaid, and the Defendant underestimated the pricing of labor and materials.

13. The Property became uninhabitable during the time reasonably necessary to repair or replace the damaged property. The Defendant failed to pay the necessary additional living expenses which are covered under the Policy.

14. Due to Defendant's lack of proper payment, Plaintiffs were forced to retain an expert to document the covered damages sustained to the Property as a result of the hurricane. Plaintiffs' expert report thoroughly examines the actual damage to the Property and presents a detailed itemization of the losses, all of which are covered under the Policy. It considers items omitted and/or underpaid by the insurance adjuster and reflects the proper and true cost to repair the damage covered under the Policy. Plaintiffs' expert used pricing models which account for post-storm increases in material and labor costs required for full and proper repair.

15. Plaintiffs requested additional payment on the claim by completing a Proof of Loss and submitting it to the Defendant, along with a copy of Plaintiffs' supporting documentation.

16. At all relevant times Plaintiffs acted reasonably and promptly on all requested documentation and information and mitigation of damages.

17.     Plaintiffs cooperated fully and promptly with all Defendant's requests to inspect the property.

18.     Plaintiffs fully cooperated with Defendant's claim investigation and adjustment.

19.     Prior to Plaintiffs' submission of a Proof of Loss, estimate, inventory and photographs, Defendant had the opportunity to apprise itself of the damages and obtain proof of loss when its adjuster first inspected the Property.

20.     Defendant unfairly and improperly persisted in denying payment on the full amount of Plaintiff's claim after receiving satisfactory proof of loss.

21.     Upon information and belief, Defendant misrepresented to Plaintiffs the terms and conditions of the Policy.

22.     Upon information and belief, Defendant conducted its loss investigation and claims handling process for Plaintiffs in bad faith.

23.     Upon information and belief, Defendant conducted its loss investigation and claims handling process for Plaintiffs in violation of its obligations under the Policy.

24.     Plaintiffs have incurred and will continue to incur additional expenses as a direct result of  Defendant's failure to timely tender adequate insurance proceeds necessary to compensate Plaintiffs for the full extent of the covered losses.

25.     Plaintiffs have incurred professional expxenses, including attorney fees, as a result of Defendant's failure to timely and adequately compensate Plaintiffs for the full extent of the covered losses.

26.     Defendant's breach of contract and failure to tender adequate insurance claim proceeds caused and continues to cause contractual, consequential, and tort damages.

## CAUSE OF ACTION: Breach of Contract

27.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

28.     Plaintiffs and Defendant entered into a contract when Plaintiffs purchased and Defendant issued the Policy. The Policy, at all times relevant and material to this case, provided insurance coverage to Plaintiffs for, among other things, physical damage to the Property and contents caused by wind and hurricane conditions.

29.     Plaintiffs duly performed and fully complied with all the conditions of the Policy and conditions precedent to filing this Complaint, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent. Plaintiffs cooperated fully with the claim investigation and properly submitted all documents required.

30.     Defendant had the opportunity to apprise itself of the damages and obtain proof of loss when its adjuster first inspected the Property; however, the Defendant's investigation was incomplete and inadequate.

31.     Despite having received sufficient proof of loss, Defendant failed to timely tender adequate claim payments due under the Policy.

32.     Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

33.     Defendant failed to perform and materially breached the insurance contract when it wrongly failed to pay Plaintiffs for damages to the property that the Policy covered.

34.     Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

35.     As the direct and proximate result of Defendant's breach, Plaintiffs have suffered actual damages in excess of Policy limits.

36. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for the covered losses, Defendant is liable to and owes Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiffs may prove as allowed by law.

**CAUSE OF ACTION: La. R.S. Sections 22:1892 and 22:1973**

37. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

38. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly. Failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

39. La. R.S. §22:1973 imposes penalties on insurers who "[fail] to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."

40. La. R.S. § 22:1892 imposes penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty days.

41. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Plaintiffs adequate payment in connection with his damages despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Plaintiffs independently provided documentation of the damages and replacement costs needed.

42.     Defendant's failure to adequately compensate Plaintiffs for the covered losses under the Policy was arbitrary, capricious, and without probable cause in violation of La. R.S. §§ 22:1892 and 22:1973.

43.     Defendant's failure to promptly, fairly and fully investigate Plaintiffs for the covered losses under the Policy was arbitrary, capricious, and without probable cause in violation of La. R.S. §§ 22:1892 and 22:1973.

44.     Defendant's failure to pay timely for damages Defendant knew or should have known existed—after Defendant's initial inspection of the Property and after Defendant received Plaintiffs' proof of loss and estimate of damages—was in violation of La. R.S. §§ 22:1892 and 22:1973.

45.     Therefore, Plaintiffs are entitled to recover penalties and damages as described in La. R.S. §§ 22:1892 and 22:1973, in additional to reasonable attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment for such amounts as Plaintiffs may prove at trial by jury, including the full amount of the building property damage at Replacement Cost Value; reimbursement for additional living expenses; all actual and consequential damages attributable to Defendant's breach the insurance policy contract; applicable penalties under La. R.S. § 22:1892 and La. R.S. § 1973, along with all attorney fees and litigation expenses; and additional and further relief this Court deems just and equitable.

Respectfully submitted,

**LONG & LONG, P.C.**

*s/Cate Biggs*

**Cate Biggs**
*Trial Attorney*
LA Bar No: 35657
Direct: 832.702.0032
Main: 251.445.6000
Fax: 251.445.0282
Cate@LongandLong.com
3600 Springhill Memorial Dr. N.
Mobile, AL 36608
*Attorney for Plaintiffs*